UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FALCON WATERFREE TECHNOLOGIES,
LLC,

    Plaintiff,

v.               Case No. 1:05-CV-551

T.E. JANSSEN, and        HON. GORDON J. QUIST
ECOTECH RESOURCE, INC.,

    Defendants.
_____/

## OPINION

  Plaintiff, Falcon Waterfree Technologies, LLC ("Falcon"), filed a complaint against Defendants, T.E. Janssen and Ecotech Resource, Inc. ("Ecotech"), alleging misappropriation of trade secrets, breach of contract, false advertising, breach of fiduciary duty, tortious interference, and account stated. Now before the Court is Falcon's motion for partial summary judgment on the account stated claim, Count VI of the amended complaint. For the following reasons, the Court will deny Falcon's motion for partial summary judgment.

### I. Background

  Falcon is a limited liability company that manufactures and sells waterfree urinal systems and cartridges for use with the systems. Janssen acted as a sales representative for Falcon until April 2004, when his sales representative agreement was terminated. Janssen then became CEO of Ecotech. Ecotech acted as a distributor for Falcon from 2003 until August 2005. Sometime while acting as a Falcon distributor, Ecotech began manufacturing and advertising urinal cartridges that were compatible with Falcon products. Falcon filed a complaint against Ecotech in state court which

Ecotech removed to this Court. Falcon subsequently filed an amended complaint adding the account stated claim on which Falcon now seeks summary judgment, claiming that Ecotech owes Falcon $140,129.88.

## II. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## III. Discussion

As discussed by this district court, "[t]he conversion of an open account into an account stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts." *Price, Heneveld, Cooper Dewitt & Litton v. Annuity Investors Life Ins. Co.*, 2005 WL 3591996, at *2 (W.D. Mich. Dec. 30, 2005) (quoting *Kaunitz v. Wheeler*, 344 Mich. 181, 185, 73 N.W.2d 263, 265 (1955)) (emphasis in original) (internal quotations omitted). "An account stated means a balance struck between the parties on a settlement; and, where a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Id*. (quoting *Watkins v. Ford*, 69

Mich. 357, 361, 37 N.W. 300, 302 (1888)) (internal quotations omitted). "The issue before the court, therefore, is whether a 'balance' was struck between the parties." *Id.*

Falcon argues that it is owed $140,129.88 by Ecotech. Ecotech disputes this figure but concedes that, based on Falcon's alleged total amount invoiced of $302,031.62, it owes Falcon $111,881.07. The discrepancy in the amount owed stems from Ecotech's assertions that Falcon should credit Ecotech for expenses paid on Falcon's behalf and other various reimbursements due Ecotech in conjunction with the sale of Falcon products. Specifically, Ecotech claims that it is should be credited $1,250.81 for expenses incurred in April 2004, $4,000 for expenditures related to obtaining code approval in Minnesota, and $280 for a Business Owners and Managers Association exhibit. (Defs.' Br. in Opp'n. to Pl.'s Mot. Partial Summ. J. at 8-9.) The remaining $22,718 difference stems from customer financing arrangements, for which both Falcon and Ecotech contributed principal. (Pl.'s Reply Br. in Supp. Mot. Partial Summ. J. at 2-3.) Falcon claims that the financing arrangements were modified at Ecotech's request so that Falcon would contribute a greater proportion of principal. According to Falcon, Ecotech's calculations are based on the amount of principal Ecotech was to contribute prior to the modification of the financing arrangements, rather than the adjusted amount. (*Id.*) The parties then dispute how much of the amount due Falcon should be credited to Ecotech upon Ecotech's return of its unsold inventory of Falcon products.[1]

Ecotech has disputed Falcon's accounting since as early as April 2005, when Ecotech questioned its balance due and requested additional documentation regarding the amounts invoiced

---

[1] As further evidence that the parties have not assented to a balance due, the parties dispute the value of the inventory. Although Ecotech claims it should be credited "$92,844.80 plus storage costs" for its inventory of Falcon products, this figure is inconsistent with Ecotech's estimated inventory and the cost of the units. (Defs.' Br. in Opp'n. to Pl.'s Mot. Partial Summ. J. at 8-9.) Based on Ecotech's estimated inventory and stated unit costs, the actual value of its inventory of Falcon products is $59,144.80. Falcon disputes both figures, claiming the inventory is worth $57,541.50, and that it owes no storage costs. (Pl.'s Reply Br. in Supp. Mot. Partial Summ. J. at 5.)

3

and credited by Falcon. (Pl.'s Reply Br. in Supp. Mot. Partial Summ. J. Exs. B, C.) Along with its answer to the amended complaint, Ecotech submitted a declaration from Janssen, its CEO, denying the amount stated by Falcon. (Docket no. 11.) Ecotech also provided a declaration from Janssen in response to this motion, challenging Falcon's calculation of its account stated claim.

Falcon has not shown that the parties have struck a balance regarding the amount due to Falcon and the amount that should be credited to Ecotech. As noted by Falcon in its reply brief, it is still becoming aware of additional amounts that it believes are owed by Ecotech.[2] Ecotech has shown that it has questioned and objected to the amount invoiced by Falcon and continues to dispute the amount it owes Falcon and the amount that should be credited to its account. Viewing the evidence in the light most favorable to Ecotech, a reasonable jury could conclude that Ecotech has objected to the amount of the account and demonstrated that it is due additional credit against the amount claimed by Falcon.

## IV. Conclusion

For the foregoing reasons, the Court will deny Falcon's motion for partial summary judgment on its account stated claim.

An Order consistent with this Opinion will be issued.

Dated: March 15, 2007                            /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE

---

[2] Falcon did not request that this newly discovered amount be added to the account stated for purposes of this motion.