UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| FALCON WATERFREE ) | |
| TECHNOLOGIES, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-551 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| T.E. JANSSEN, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

This matter is before the court on plaintiff's petition for assessment of attorney's fees and costs. By opinion and order entered June 18, 2008, the court granted in part and denied in part plaintiff's motion to enforce the settlement agreement. The court's order directed plaintiff to file a detailed petition for assessment of attorney's fees and costs pursuant to paragraph 9(e) of the settlement agreement, which allowed for taxation of fees and costs upon a finding of breach of the settlement agreement. Plaintiff has now filed its petition, to which defendants have lodged timely objections. The court finds that plaintiff's requested attorney's fees are excessive, both with regard to hourly rate and number of hours claimed. Plaintiff will therefore be granted an award of fees, but in an amount reduced from that sought in the petition.[1]

---

[1] In their settlement agreement (¶ 9(a)), the parties agreed to the dispositive jurisdiction of a magistrate judge to decide all issues arising out of the settlement.

**Findings of Fact**

1. This was a civil action alleging claims under the Lanham Act, 15 U.S.C. § 1125, as well as pendent common law claims.

2. On the eve of trial, the parties entered into a settlement agreement memorialized in a memorandum signed by both parties on January 25, 2008. A formal settlement agreement was signed on March 6, 2008. The terms of the form of settlement agreement, which is filed with the court under seal, now control the relationship of the parties with regard to post-judgment proceedings.

3. Plaintiff filed two motions to enforce the settlement agreement. The first motion (docket # 144) alleged that defendants had failed by the required deadlines to supply certain sales information in violation of paragraph 2(a) of the settlement agreement; failed to provide the name of a bonded warehouse, as required by paragraph 2(e); failed to provide proof that the inventory of cartridges had been shipped to the warehouse, as required by paragraph 2(e); and failed to supply documentation according to the protocol of paragraph 2(e) authorizing release of cartridges by the warehouse. The court conducted a preliminary hearing on this motion on April 15, 2008. The court entered an order (docket # 151) concluding that plaintiff had made a strong showing that defendants had violated the requirements of paragraph 2(e) and enjoining defendants from selling or otherwise disposing of certain cartridges as defined in the settlement agreement until further order of court. The court established an evidentiary hearing to resolve the other issues raised in the first motion to enforce the settlement agreement.

4. On May 5, 2008, the court conducted an evidentiary hearing on plaintiff's first motion to enforce the settlement agreement. The transcript of that hearing (docket # 156) consumes

98 pages. The hearing began at approximately 10:00 a.m. and concluded at 3:44 p.m. The court took the matter under advisement.

      5.      While the first motion was under advisement, plaintiff filed a second motion to enforce the settlement agreement (docket # 154) on May 14, 2008. Plaintiff's second motion alleged violations of paragraphs 3(a) and 3(c) of the settlement agreement, requiring a modified design of defendants' cartridge, paragraph 5 (requiring return of all Falcon inventory), and paragraph 2(a) (limiting sale of old cartridges). The court conducted a hearing on the second motion on June 10, 2008, making oral findings at the conclusion of the hearing. The court entered an order (docket # 161) finding that defendant's efforts to redesign their cartridge met the letter and spirit of paragraph 3 of the settlement agreement and that plaintiff had failed to establish a violation of paragraph 5. The alleged violation of paragraph 2(a) was taken under advisement, to be decided in connection with the first motion to enforce the settlement agreement. The order denied all relief on plaintiff's motion to enforce the settlement agreement.

      6.      On June 18, 2008, the court issued a memorandum opinion on the issues taken under advisement regarding enforcement of the settlement agreement. In its opinion, the court found that defendants had demonstrated their compliance with the requirements of paragraph 2(a) and 2(b) of the settlement agreement. The court further found no material violation of the requirements of paragraph 5. The court found, however, that defendants were in patent violation of the requirements of paragraph 2(e) of the settlement agreement and issued an award of $10,000.00 in liquidated damages pursuant to the remedies provision of the agreement. As the agreement also provided for the assessment of reasonable attorney's fees and costs (¶ 9(e)), the court allowed plaintiff to file a fee petition supported by an itemized statement detailing hours expended, services performed, and

the applicable rate charged for each hour, with defendant granted an opportunity in which to file objections.

       7.       For the reasons set forth in the "Discussion" section below, the issues raised in the first and second motion were unrelated.

       8.       On July 2, 2008, plaintiff filed a petition for assessment of attorney's fees and costs. (docket # 164). Plaintiff's petition seeks compensation for 50.3 hours of attorney time expended in pursuing both the first and the second motions to enforce the settlement agreement. Most of the time was that of Douglas Dozeman, a partner in the firm of Warner, Norcross & Judd, assessed at an hourly rate of $385.00. Also included is 7.6 hours of time for Janet Ramsey, an associate in the firm, at an hourly rate not expressly disclosed in the petition but calculable at $260.00 per hour. The petition and supporting affidavit also seek an assessment of costs in the amount of $412.90, principally for the transcript of the evidentiary hearing and for copying costs.

       9.       Defendants have filed timely objections, raising a number of issues. Defendants assert that the petition seeks fees and costs on issues on which plaintiff did not prevail, objects to insufficient detail and "block billing," points out that the petition provides no support for the hourly rate sought and objects to alleged duplication of effort.

## Discussion

A federal court's analysis of a petition for attorney's fees begins with a review of the "lodestar:" "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Although the Supreme Court fashioned the lodestar approach to govern the assessment of statutory fees under 42 U.S.C. § 1988,

the Sixth Circuit generally applies this approach to all fee petitions seeking an award of "reasonable" attorney's fees. *See, e.g., B&G Mining, Inc. v. Director, Office of Workers' Comp. Programs*, 522 F.3d 657, 661-63 (6th Cir. 2008). The party seeking attorney's fees bears the burden of documenting entitlement to the award. *See Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Consequently, the risk of non-persuasion arising from an inadequate fee petition falls upon the moving party.

**1.**

In calculating the lodestar rate, the court must arrive at a reasonable hourly rate for counsel's services. "To arrive at a reasonable hourly rate, courts use as a guide the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *B&G Mining*, 522 F.3d at 663 (quoting *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007)). The appropriate rate, therefore, is not necessarily the hourly rate sought by the moving party, but is a market rate "sufficient to encourage competent representation." *B&G Mining*, 522 F.3d at 663. This rate is subject to adjustment if the attorney's efforts resulted in exceptional success. *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005).

Plaintiff's fee petition in the present case is based upon an hourly rate for attorney Douglas Dozeman of $385.00 and a rate of $260.00 per hour for associate Janet Ramsey. The fee petition and supporting materials do not attempt to explain or justify these hourly rates, nor do they contain any information concerning the prevailing market rate for similar services of attorneys of comparable skill and experience. In such circumstances, this court routinely turns for guidance to the economics of law practice survey periodically conducted by the State Bar of Michigan. (*See*

State Bar of Michigan, *2007 Economics of Law Practice Survey*, found at www.lawpracticeeconomics.com). The Court of Appeals has held that reliance on such surveys as a guide is appropriate, even though the survey is not dispositive in establishing the market rate. *See B&G Mining*, 522 F.3d at 664. Mr. Dozeman is a partner in one of Michigan's largest law firms, with approximately twenty-five years of experience. He enjoys a reputation as one of the most successful litigators in the Grand Rapids bar for major civil cases. The State Bar survey, as updated in the year 2007, shows that the average of the top ten hourly litigation billing rates in the Grand Rapids area was $237.50. The survey shows that the ninetieth percentile billing rate for all firms in the survey was $266.00 per hour. Mr. Dozeman's stature in the bar would certainly justify a billing rate at the high end of the market. Perhaps his requested rate of $385.00 an hour could be justified, but plaintiff has made no attempt to do so. In the circumstances, the court cannot justify a rate in excess of $265.00 per hour. Ms. Ramsey is an associate in the firm with less than ten years of experience. A billing rate at the median for all litigation firms surveyed ($195.00 per hour) appears reasonable. Plaintiff has failed to sustain its burden of proof to justify any higher billing rate.

**2.**

The second lodestar factor is the number of hours reasonably expended. The Supreme Court has noted that an award based on the total number of hours expended on the entire matter might result in an excessive amount, if the claimant has achieved only partial success. *Hensley*, 461 U.S. at 435. In such cases, the court must address two issues: (1) whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which plaintiff succeeded and (2) whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended

a satisfactory basis for awarding fees. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008). In the present case, plaintiff's success in seeking post-judgment relief was limited. Plaintiff filed two motions to enforce the settlement agreement, each of which asserted multiple violations of the terms of the settlement. After an evidentiary hearing, the court upheld plaintiff's claims under a single paragraph of the settlement agreement, paragraph 2(e), set up a warehousing system for the sale of certain cartridges. The court rejected all other claims of breach of the settlement agreement set forth in the first motion and rejected all claims asserted in the second motion.

Where a plaintiff has achieved only limited success, the first issue involves the relatedness of the successful and unsuccessful claims. When claims are based on a common core of facts or are based on related legal theories, for purposes of calculating attorney's fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced. *Imwalle*, 515 F.3d at 555 (quoting *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996)). Unlike a case in which a plaintiff asserts alternative legal theories, all based on a single set of underlying facts, plaintiff's two post-judgment motions were essentially unrelated.[2] The principal claim in plaintiff's second motion was that defendants had failed in their obligation to redesign their cartridge, in violation of paragraph 3 of the settlement agreement. The court found against plaintiff on this issue. Secondarily, plaintiff asserted that defendants had violated the requirements of paragraph 2(a) of the settlement agreement. After an evidentiary hearing, the court rejected this

---

[2] The two motions have one common element -- an assertion that defendants had violated paragraph 2(a) of the settlement agreement. The court ultimately found no violation of paragraph 2(a). Therefore, although the two post-judgment motions had one area of overlap, plaintiff was unsuccessful in this area.

contention as well. These claims were factually and legally unrelated to the only issue on which plaintiff did prevail, namely, whether defendants violated the warehousing and escrow requirements of paragraph 2(e) of the settlement agreement.

The court therefore finds against plaintiff on both relevant inquiries. First, the single claim upon which plaintiff prevailed was unrelated to the claims on which it did not succeed. The successful claim (failure to warehouse and escrow cartridges) was not an alternative theory to the unsuccessful claims, but constituted an independent factual ground for relief. "Work on an unsuccessful claim cannot be considered to have been 'expended in pursuit of the ultimate result achieved' where the plaintiff has presented distinctively different claims for relief based on different facts and legal theories." *Imwalle*, 515 F.3d at 552 (quoting *Hensley*, 461 U.S. at 435). Second, plaintiff did not achieve a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding all claimed attorney's fees. Plaintiff established a breach of one provision of the settlement agreement, for which it was awarded liquidated damages. Had plaintiff been successful in establishing its other claims, it would have been entitled to a further award of damages and perhaps injunctive relief. Plaintiff's claims of breach of the settlement agreement in each motion were distinct, and the work devoted to pursuing those claims was also distinct. The work expended on the unsuccessful claims did not contribute, even slightly, to its establishment of its single successful claim.

For the foregoing reasons, the court concludes that plaintiff is not entitled to reimbursement for any time expended in connection with its second motion to enforce the settlement agreement. Any effort to excise time related to the unsuccessful motion is substantially hampered by the lack of specificity in plaintiff's time records. Plaintiff's approach was to lump together, rather

indiscriminately, all time spent pursuing either motion.  This represents overreaching on the part of plaintiff.  The court did not award any attorney's fee on the unsuccessful motion.  It was therefore unreasonable for plaintiff to submit a fee petition that not only contained substantial time devoted to the unsuccessful motion but also failed to clearly differentiate that time.  Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended.  *Imwalle*, 515 F.3d at 552.  Where the documentation of hours is inadequate, "the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  Where, as here, the fee petition makes it impossible to clearly differentiate between compensable and non-compensable attorney time, the onus of that lack of clarity falls on the moving party.

    The court has reviewed the fee petition in an effort to excise time devoted to plaintiff's second motion to enforce the settlement agreement.  The principal claim in that motion involved the redesign of defendants' cartridge.  The court has therefore attempted to eliminate time spent researching, preparing, and arguing the second motion, as well as time spent by counsel discussing design issues with defendants' counsel preparatory to filing the motion.  Several time entries, marked with an asterisk, contained time devoted to both motions.  In these instances, the court attempted to allocate time between successful and unsuccessful claims on the basis of the description of the work performed.  On this basis, the following time has been disallowed.

| Date | Time (In Hours) | Reason |
|---|---|---|
| 4/15/08* | 1.0 | Conference and letter to defense counsel regarding redesign issues |
| 4/24/08 | 0.5 | Correspondence and messages regarding design change |

| Date | Hours | Description |
|---|---|---|
| 4/25/08 | 0.6 | Letters and messages regarding design change |
| 5/5/08* | 1.0 | Begin drafting unsuccessful motion |
| 5/7/08 | 2.4 | Work on unsuccessful motion |
| 5/8/08 | 0.8 | Draft affidavit in support of unsuccessful motion |
| 5/9/08 | 0.3 | Telephone conference regarding affidavit in support of unsuccessful motion |
| 5/12/08 | 1.5 | Work on unsuccessful motion |
| 5/13/08 | 0.3 | Telephone conference re second motion |
| 5/14/08* | 1.0 | Revision and filing of unsuccessful motion |
| 5/15/08 | 0.3 | Review of notice of hearing on unsuccessful motion |
| 5/16/08 | 0.3 | Affidavit related to unsuccessful motion |
| 5/22/08 | 0.4 | Telephone conference unrelated to successful motion |
| 6/9/08 | 2.5 | Preparation for hearing on unsuccessful motion |
| 6/9/08 | 7.3 | Preparation for hearing on second motion |
| 6/10/08 | 2.8 | Preparation for and attendance at hearing on second motion |
| 6/10/08 | 0.3 | Same |
| | 23.3 | |

Subtraction of the 23.3 disallowed hours from the total hours claimed (50.3) leaves 27 hours devoted to preparation, drafting, and two hearings on the first motion for enforcement of the settlement agreement. The court concludes that this expenditure of time in pursuit of that motion was reasonable. All 27 hours were expended by Mr. Dozeman. Multiplying these hours by the approved rate of $265.00 per hour yields a lodestar amount of $7,155.00. After arriving at a lodestar number, the court may, within limits, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation. *See Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). The Sixth Circuit directs district courts to consider the so-called *Johnson* factors, which include, among other things, the time and labor required by a given case, the novelty or difficulty of the questions presented, the skill needed to perform the legal service properly, and other relevant considerations. *Id.* at n.8. Nevertheless, modifications to the lodestar are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower court. *Id.* at 349-50. Plaintiff's fee petition does not raise for the court's consideration any of the twelve *Johnson* factors that might militate in favor of an award greater than the lodestar, nor does any such factor suggest itself to the court. Likewise, defendants' objections do not raise any of the *Johnson* factors that might support an award lower than the lodestar amount. In the circumstances of this case, therefore, the court concludes that the lodestar award represents a fair and reasonable attorney fee.

**3.**

In addition to attorney's fees, plaintiff seeks an assessment of costs in the amount of $412.90. The bulk of this amount ($357.70) represents the cost of the transcript of the evidentiary

hearing on plaintiff's first motion.  It is unclear to this court why plaintiff thought it necessary to procure a transcript of the hearing.  The court did not require any post-hearing briefing or other activity subsequent to the hearing.  The court merely took the matter under advisement and issued a written opinion approximately forty-five days later.  Although plaintiff may have wished to obtain a transcript for its own purposes, the court sees no basis for taxing the transcript cost against defendants.  The remaining costs represent copying fees.  Although copying fees are generally taxable as costs, 28 U.S.C. § 1920(4), the copies must be "necessarily obtained for use in the case." *See King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008).  Plaintiff's affidavit does not contain any certification that the copying costs were necessarily incurred in the case, as required by 28 U.S.C. § 1920(4), nor does plaintiff's petition shed any light on the purpose of the copies.  The court therefore finds that plaintiff has failed in its burden to establish that any of the claimed costs were reasonable or necessarily incurred in connection with its successful motion to enforce the settlement agreement.  No costs will be awarded.

## **Conclusion**

For the foregoing reasons, a final judgment will be entered in the total amount of $17,155.00 in plaintiff's favor against defendants, jointly and severally, with $7,155.00 being the portion attributable to plaintiff's reasonable attorney's fees, and the remainder being the liquidated damages under the settlement agreement.

Dated:   October 6, 2008                         /s/  Joseph G. Scoville
                                                 United States Magistrate Judge