UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| FALCON WATERFREE TECHNOLOGIES, LLC, | ) |
|---|---|
| Plaintiff, | ) Case No. 1:05-cv-551 |
| v. | ) |
| T.E. JANSSEN, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This matter is before the court for the second time on an application by plaintiff to enforce the settlement agreement signed by the parties on March 6, 2008. In response to plaintiff's first motion to enforce the settlement agreement, the court found that defendants had breached the settlement agreement and awarded liquidated damages in the amount of $10,000.00. (Opinion & Order, docket #s 162, 163). By subsequent opinion and judgment (docket #s 167, 168), the court awarded plaintiff an additional $7,100.55 in attorney's fees.

The matter is again before the court on plaintiff's motion for enforcement of the settlement agreement. (docket # 170). Because the parties consented to the dispositive jurisdiction of a magistrate judge to enforce the provisions of the settlement agreement in summary proceedings. (Settlement Agreement, ¶¶ 9(a), 9(e)), plaintiff's motion was referred to me for decision. Resolution of the motion was substantially delayed, because defense counsel was granted leave to withdraw, as defendants were not paying or communicating with counsel. The court granted the request of the individual defendant, T.E. Janssen, for a continuance. (Order, docket # 177). The corporate

defendant, Ecotech Resource, Inc., was directed to retain substitute counsel, but Ecotech failed to do so. The individual defendant, T E. Janssen, elected to proceed *pro se*. The court refused to grant Mr. Janssen further delays in responding to the motion, as Mr. Janssen never indicated the existence of any viable defense. Ultimately, the court conducted a hearing on the motion on January 10, 2011, at which only plaintiff appeared. Defendants have not filed any substantive response to the motion.

The previous opinion entered June 18, 2008 (docket # 162) sets forth at length the history of the dispute, the relevant provisions of the settlement agreement, and the principles of law that govern its enforcement. The previous findings and conclusions, as set forth in the June 18, 2008 opinion, are incorporated herein by reference and will not be repeated.

### A. **Breach of the Settlement Agreement**

This was a proceeding under the Lanham Act. One of plaintiff's principal claims was that defendants were guilty of false advertising in representing to the public that their cartridges were suitable for use in plaintiff's waterless urinals. One of the main provisions of the settlement agreement, therefore, was the promise by defendants to immediately stop promoting or selling cartridges for waterless urinals in their then present configuration. (¶ 2(a)). Defendants agreed to redesign their cartridge so that it would be unable to physically fit, or be easily modified to physically fit, plaintiff's waterfree urinals. This redesign was to be completed by April 25, 2008. (¶ 3(a)). Defendants would be free to sell this newly designed style of cartridge, as long as it would not fit plaintiff's urinal products. (*Id.*). Defendants submitted to plaintiff a design for a modified cartridge, along with a mock-up. At a hearing conducted on June 10, 2008, the court approved the proposed design change and ordered defendants to commence manufacture no later than July 1, 2008, of

cartridges substantially similar to the mock-up cartridge presented to the court at that hearing. (Order, docket # 161). Defendants were further ordered to provide a sample unit to plaintiff's counsel promptly after the first production run of the modified cartridge. (*Id.*).

The gravamen of plaintiff's present motion to enforce the settlement agreement is the allegation that defendants never supplied plaintiff with a production sample of the modified cartridge and, instead, proceeded to market a modified cartridge much different from the one presented to the court. Plaintiff contended that defendants' actual cartridge physically fits plaintiff's products, in violation of the settlement agreement. At the hearing conducted on January 10, 2011, the court was presented an example of the cartridge that defendants are presently marketing. Plaintiff demonstrated that the accused device does indeed fit into plaintiff's urinal product effortlessly. On the basis of the evidence presented at the hearing, the court finds that defendants are in material violation of paragraph 3(a) of the settlement agreement and that they failed to cease and desist after plaintiff gave notice of the breach.

**B.** **Remedy**

Plaintiff's motion seeks an award of liquidated damages under paragraph 9(c) of the settlement agreement, which authorizes a party claiming breach to seek liquidated damages of $10,000.00, or actual damages, whichever is greater. The court has already found the liquidated damages provision to be enforceable under Michigan law. (Mem. Op., docket # 162, at 16). Plaintiff is clearly entitled to an award of $10,000.00 in liquidated damages, on the basis of the demonstrated violation of the settlement agreement by defendants. Plaintiff also seeks the entry of an injunction prohibiting further sale of the accused items. Paragraph 9(e) of the settlement

agreement provides that the agreement may be enforced by injunctive relief or an order of specific performance. Defendants' promise not to sell cartridges that fit into plaintiff's waterless urinal was a central provision of the settlement agreement. Plaintiff has represented to the court, and defendants do not deny, that the previous award of liquidated damages and attorney's fees remains unsatisfied by defendants. It is clear that the award of monetary sanctions against defendants is not a particularly adequate remedy, as the corporate defendant has ceased doing business and plaintiff has been unable to satisfy the court's last judgment from the assets of the individual defendant. Plaintiff does not appear to have an adequate remedy at law for the continuing breach of the settlement agreement and is therefore entitled to injunctive relief.

### C. **Attorney's Fees**

The settlement agreement (¶ 9(e)) also provides for an award of attorney's fees in case of a breach of the agreement. In a previous opinion (docket # 167), this court set forth at length the law relevant to an application for attorney's fees. The legal discussion in the court's previous opinion is hereby incorporated by reference and will not be repeated here. In connection with the second motion to enforce the settlement agreement, the court directed plaintiff to file a detailed affidavit and supporting documents to justify an award of fees. Plaintiff has now done so. (*See* Affidavit of Douglas Dozeman, docket # 182). The proof of service indicates that the affidavit and attachments were served on defendant Janssen. Janssen has not filed any response or objection, and the time to do so has long expired.

Plaintiff seeks compensation for fifty hours of attorney time. The requested hourly rates are $535 for the senior partner, $325 for the junior partner, and $280 for an associate.

Cognizant of this court's previous determination that the rates set forth in the State Bar of Michigan periodic Survey of Law Practice are reasonable in most cases, plaintiff has provided the court with affidavits indicating that those rates are inadequate to compensate litigators in major law firms. Having reviewed the materials presented by plaintiff in support of its request, the court remains unpersuaded. Although "top litigator" rates might be justified in cases of unusual complexity, such rates are not necessary to adequately compensate counsel for presenting a matter as routine as the presently pending motion to enforce the settlement agreement. The court determines that the hourly rates set forth in the most recent State Bar survey (published in the February 2011 Michigan Bar Journal) are adequate and reasonable. That survey indicates that the attorney hourly billing rate in Kent County, Michigan, at the 75th percentile, is $300 per hour.

As defendants have not objected to the number of hours sought in the petition, the court will award all 50.2 hours, at a blended rate of $300 per hour. This results in a fee award of $15,060.00, plus claimed expenses of $342.54. These amounts will be awarded to plaintiff in the court's judgment.

Dated: April 1, 2011 /s/ Joseph G. Scoville
United States Magistrate Judge