UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FALCON WATERFREE TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| T.E. JANSSEN, et al., | ) ) ) |
| Defendants. | ) ) ) |

Case No. 1:05-cv-551

Honorable Janet T. Neff

**MEMORANDUM OPINION**

      This matter is before the court on plaintiff's motion to correct the judgment entered on April 1, 2011 (docket # 184). That judgment awarded plaintiff liquidated damages in the amount of $10,000.00, plus $15,402.54 in attorney's fees and costs, based on the court's finding that defendants had breached paragraph 3(a) of the settlement agreement dated March 4, 2008, over which this court has continuing enforcement jurisdiction. Plaintiff's motion to correct the judgment accurately points out that the settlement agreement (¶ 9(b)) entitles plaintiff to a judgment against defendants, jointly and severally, in the amount of $140,000.00, upon a finding that defendants have breached certain listed provisions of the settlement agreement, including the provisions of paragraph 3(a). The figure of $140,000.00 represents plaintiff's claim for unpaid invoices, which plaintiff dropped in consideration of the promises made by defendants in the settlement agreement. The purpose of paragraph 9(b) of the settlement agreement was to deprive defendants of this windfall if they failed to comply with certain important contractual undertakings.

Defendants did not respond to plaintiff's motion to enforce the settlement agreement, nor have they responded to the request under Fed. R. Civ. P. 60(a) to correct the judgment.  Upon review of plaintiff's motion to enforce the settlement agreement, the court concludes that plaintiff did indeed request an award of the penalties prescribed in paragraph 9(b) of the settlement agreement (Motion, docket # 170, ¶ B) and that the court's oversight or omission is one that can and should be remedied under Fed. R. Civ. P. 60(a).  Plaintiff moved for such relief promptly after the entry of the court's judgment, and defendants have not responded to the request in any way.

For the reasons set forth above, the court will enter an amended judgment, awarding plaintiff $140,000.00, pursuant to paragraph 9(b) of the settlement agreement, in addition to the other relief already granted.

Dated:  July 29, 2011              /s/  Joseph G. Scoville
                                   United States Magistrate Judge